UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$22,520 IN UNITED STATES CURRENCY,<br><br>    Defendant. | Case No. 13-cv-05107-HSG   (KAW)<br><br>**REPORT AND RECOMMENDATION TO GRANT THE GOVERNMENT'S AMENDED MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 32 |

In this *in rem* forfeiture action, Plaintiff United States moves for default judgment against Defendant Approximately $22,520 in United States Currency, pursuant to 21 U.S.C. 881(a)(6). The Government's motion follows an entry of default by the clerk on March 30, 2015. To date, no formal claims or answers have been filed in this action. The amended motion for default judgment was referred to the undersigned for report and recommendation.

On November 5, 2015, the Court held a hearing at which no potential claimant appeared to challenge the Government's forfeiture. For the reasons set forth below, the Court recommends that the Government's motion be granted.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Defendant is $22,520 in United States currency (hereafter referred to as "Defendant Currency") that was seized by Inspectors with the United States Postal Inspection Service pursuant to a warrant issued on June 4, 2013. (First Am. Compl., Dkt. No. 21 ¶ 6.) On May 21, 2013, Postal Inspectors at the USPS mail processing facility in San Francisco were conducting routine parcel profiling and identified a suspicious package. (FAC ¶ 8.) The parcel was presented for inspection to a state-certified narcotics detection canine who alerted his handler that he detected an odor associated with a controlled substance. (FAC ¶ 9.)

The parcel was addressed to "Derek Longstaff, 816 Sunnybrae Blvd., San Mateo, CA 94402." (FAC ¶ 10.) The return address was listed as "Vanessa Montaldo, 114 Edgemont Road, Yonkers, NY 10710." *Id.* Postal Inspectors conducted a search to verify the information for the listed addresses. The search for Vanessa Montaldo yielded a negative result, indicating that while the return address was valid, she did not appear to be associated with it. *Id.* The search to for Derek Longstaff's address confirmed his address, but a criminal history check revealed that he was previously arrested for possession of marijuana while driving in 2010. *Id.*

Based on the characteristics of the parcel, the canine detection, and the search of the addresses, as well as the training and experience of the Postal Inspectors, the Inspectors believed that the parcel contained controlled substances or the proceeds from the sale of controlled substances. (FAC ¶ 11.) On June 4, 2013, law enforcement sought and obtained a federal warrant for the parcel. *Id.* Inside the parcel, agents found Defendant Currency in various denominations. *Id.*

On November 1, 2013, the Government filed this action to obtain the forfeiture of Defendant Currency as monies furnished or intended to be furnished to another person in exchange for a controlled substance, constitutes proceeds derived from such an exchange, and was used or intended to be used to facilitate such an offense, in violation of 21 U.S.C. §§ 841(a) and 846, and subject to forfeiture under 21 U.S.C. § 881(a)(6). (FAC ¶ 16.) On November 1, 2013, an arrest warrant *in rem* was issued by the Clerk. (Dkt. No. 4.)

Following the filing of the complaint, the Government sent written notice to Vanessa Montaldo and Derek Longstaff via certified mail at the addresses listed on the parcel. The Government also posted notice of the forfeiture online for at least 30 consecutive days.

On January 28, 2014, the Government filed a request for entry of default against Defendant Currency. The Clerk entered default on January 30, 2014. On February 4, 2014, the Government filed a motion for default judgment seeking forfeiture of Defendant Currency, which was served on Montaldo and Longstaff via U.S. Mail.

On February 4, 2014, the Government's motion for default judgment was referred to the undersigned magistrate judge for report and recommendation. On April 2, 2014, the undersigned

recommended that the motion be denied without prejudice for failure to verify the initial complaint. On April 17, 2014, the district court adopted the report and recommendation.

On April 2, 2014, the Government filed an amended complaint, which was properly verified. (Verification of Shameka Jackson-Amacker, FAC at 5.) Thereafter, the Government sent copies of the amended complaint and the amended notice of forfeiture action to Montaldo and Longstaff via certified mail at the addresses listed on the parcel. (Certificate of Service, Dkt. No. 23). The Government also posted notice of the forfeiture online for at least 30 consecutive days. (Decl. of Publication, Dkt. No. 26.)

On March 25, 2015, the Government filed a request for entry of default against Defendant Currency. The Clerk entered default on March 30, 2015. (Clerk's Notice Entry of Default, Dkt. No. 31.) On July 21, 2015, the Government filed an amended motion for default judgment seeking forfeiture of Defendant Currency, which was served on Montaldo and Longstaff via U.S. Mail at the addresses listed on the parcel. (Pl.'s Mot., Dkt. No. 32.)

## II.    LEGAL STANDARD

### A.    Civil Forfeiture

The United States filed this action under 21 U.S.C. § 881(a)(6), which provides, in relevant part, that property "subject to forfeiture" includes "[a]ll moneys . . . intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter[.]" Forfeiture is "harsh and oppressive" and thus, is "not favored by the courts." *See U.S. v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1069 (9th Cir. 1994). The Ninth Circuit is "particularly wary of civil forfeiture statutes" because they "impose 'quasi-criminal' penalties" but do not provide property owners with the degree of procedural protections provided to criminal defendants. *See id.* at 1068; *U.S. v. Marlof*, 173 F.3d 1213, 1217 (9th Cir. 1999) (quoting *$191,000.00 in U.S. Currency*, 16 F.3d at 1068)). Accordingly, strict adherence to procedural rules is paramount in civil forfeiture proceedings. *See Marlof*, 173 F.3d at 1217 (denying forfeiture where government "erred" by failing to provide due notice to property owner); *see also $191,910.00 in U.S. Currency*, 16 F.3d at 1068-69 (strictly construing currency forfeiture provisions of 19 U.S.C. § 615 against government and holding that "the burden on the government

to adhere to procedural rules should be heavier than on claimants").

### B. Default Judgment

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Id.* at 999 (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)).

Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. See *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the court finds these elements satisfied, it turns to the following factors ("the Eitel factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). In this analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Nevertheless, default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

### III. DISCUSSION

The Clerk entered default against Defendant Currency on March 30, 2015. (Dkt. No. 31.) Thus, if the district court has both subject matter jurisdiction and personal jurisdiction over the matter, the factual allegations of the Government's complaint are deemed to be true and the court is vested with the authority to enter default judgment. The decision whether to exercise its discretion, however, is guided by two overlapping inquiries. First, the court considers the Government's claims in light of the factors set forth by the Ninth Circuit in *Eitel*. Second, the court must determine whether the Government has met the specific procedural requirements

4

governing forfeiture actions.

### A. Subject Matter Jurisdiction and Personal Jurisdiction

The court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a), which vests district courts with original jurisdiction in "any action or proceeding for the . . . enforcement of any . . . forfeiture . . . incurred under any Act of Congress." *See* 28 U.S.C. § 1355(a).

Venue is proper in the Northern District of California under 28 U.S.C. §§ 1355(b), 1395, as Defendant Currency was seized, and is currently located, in the Northern District.

The Court has personal jurisdiction over Defendant Property, because the Government adhered to the applicable notice requirements after this action *in rem* was filed. *See* discussion *infra* Part III.C.ii.

### B. Analysis of the *Eitel* Factors

Since the court has confirmed jurisdiction in this matter, the Court must turn to the *Eitel* factors to determine whether the entering of a default judgment is appropriate.

#### i. Prejudice

Federal courts have jurisdiction over civil forfeiture claims for monies used in connection with an illicit drug transaction. 21 U.S.C. § 881(a)(6). A federal civil forfeiture action is the only means for the Government to retain Defendant Currency, so the Government would be prejudiced if the Court did not enter default judgment. *See* 18 U.S.C. § 981(b)(2)(A).

#### ii. Merits of Plaintiff's Claims & Sufficiency of the Complaint

The second and third *Eitel* factors focus on the merits of Plaintiffs' substantive claim and the sufficiency of the Complaint. *Eitel*, 782 F.2d at 1471–72.

The Government's claim is for civil forfeiture of currency pursuant to 21 U.S.C. § 881(a)(6). Property subject to forfeiture under 21 U.S.C. § 881(a) may be seized by the Postal Service without a warrant if there is probable cause to believe that the property is subject to forfeiture and the seizure is made pursuant to a lawful search. 18 U.S.C. § 981(b)(1)-(2). The statute of limitations governing forfeitures under § 881 is drawn from the customs laws. *See* 21 U.S.C. § 881(d). The applicable statute of limitations provides as follows:

> no suit or action to recover any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered, or in the case of forfeiture, within 2 years after the time when the involvement of the property in the alleged offense was discovered, which ever was later.

19 U.S.C. § 1621; *see also U.S. v. James Daniel Good Real Prop.*, 114 U.S. 43, 63 (1993) (§ 1621 provides the applicable statute of limitations for a § 881(a) claim).

Here, the amended complaint alleges that Defendant Currency was discovered during the execution of a federal search warrant. (FAC ¶ 11; 18 U.S.C. § 981(b)(2).)  The Government alleges that it was seized based on the Postal Inspectors' belief that the money was furnished or intended to be furnished in exchange for a controlled substance, or was traceable to such an exchange. (FAC ¶ 16; 18 U.S.C. § 981(b)(2)).

The Government brought the forfeiture action within the statute of limitations for § 881 forfeitures, as the property was seized in June 2013, and the forfeiture action was filed on November 1, 2013. Accordingly, the Government has sufficiently stated a claim of forfeiture against Defendant Currency.

### iii. Sum of Money at Stake

The fourth *Eitel* factor focuses on the amount at issue in the action, as courts should be hesitant to enter default judgments in matters involving large sums of money. "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Const., Inc.*, No. C 11-2532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472). However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citations omitted).

Here, the sum of money at stake is the currency recovered from the parcel, which is approximately $22,520. (Pl.'s Mot. at 3.)  While perhaps substantial, it is not so large as to warrant the denial of the motion.

### iv. The Possibility of a Dispute Concerning Material Facts

With respect to the fifth factor, no potential claimants have participated in this action nor has there been any attempt to contest the Government's material facts or legal assertions.

Furthermore, there have been no attempts to set aside the entry of default despite the potential known claimants— Montaldo and Longstaff—being served with all papers.

Indeed, the Montaldo and Longstaff were given ample opportunity to respond to the complaint and amended complaint and participate in the proceedings. The Government twice properly effected service of process, and have continued to serve them with copies of all filings at the addresses listed on the parcel. Thus, this factor weighs in favor of default judgment.

### v. Whether Default was a Result of Excusable Neglect

The Government properly served the known potential claimants with the summons and amended complaint, but no claims were filed, and there was no response to either motion for default judgment. Consequently, there is nothing suggesting that the failure to file a claim or otherwise participate in this litigation is due to excusable neglect.

### vi. Federal Rules Preference for a Decision on the Merits

After an examination of these facts in the aggregate, this Court finds that *Eitel* factors one through six outweigh the Federal Rules of Civil Procedure's preference for a decision on the merits. This Court therefore recommends an entry of a default judgment.

### C. Procedural Compliance with Civil Forfeiture Rules

Property subject to forfeiture to the United States may be seized in the manner set forth in 18 U.S.C. § 981(b). *See* 21 U.S.C. § 881(b). Specifically, the Government must file a complaint for forfeiture in the United States district court, and have an arrest warrant *in rem* issued by the court pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims. 18 U.S.C. § 981(b)(2)(A).

### i. Adequacy of the Complaint

The Government shall initiate civil forfeiture proceedings by filing a verified complaint for forfeiture, which states the grounds for jurisdiction and venue, describes the property being forfeited with reasonable particularity, identifies the statute under which the forfeiture action is brought, and includes sufficient factual detail to support a reasonable belief that the Government will be able to meet its burden of proof at trial. Fed. R. Civ. P. Supp Admir. Mar. Cl. G(2)(a)–(f) ("Supp G").

Here, the Government filed a verified complaint for forfeiture in accordance with § 981(b)(2)(A). The amended complaint set forth sufficient facts as to the grounds for jurisdiction and venue, a description of Defendant Currency, and the federal statutes under which the forfeiture action was brought. (FAC ¶¶ 1-16.) Finally, the facts alleged support a reasonable belief that the Government will meet its burden of proof at trial. *See* discussion *supra* Part III.B.ii.

### ii. Adequacy of Notice and Arrest of Property

The Admiralty Local Rules of this district govern *in rem* forfeiture actions. *See* Admir. L.R. 1-2. A party seeking default judgment must show that due notice of the action and arrest of the property has been given. Admir. L.R. 6-1(a). Since this forfeiture action arises under federal statute, the notice and arrest requirements must be in accordance with Supplemental Rule G(3)-(4) of the Federal Rules of Civil Procedure Admiralty and Maritime Claims. Admir. L.R. 6-1(a)(1).

#### a. Arrest

If the defendant is not real property, "the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control." Supp G(3)(b)(i). Here, the property was seized by the Government pursuant to a search warrant issued on June 4, 2013, and the clerk issued an arrest warrant on November 1, 2013. Thus, arrest was proper.

#### b. Notice

Rule G(4) requires the Government to provide both general notice to the public and direct notice of the forfeiture action to any known person who reasonably appears to be a potential claimant, so that the person has an opportunity to file a timely claim and defend the forfeiture action as a party to the litigation. Supp G(4). The public notice requirement may be met by publishing the notice on an official government forfeiture website for at least thirty consecutive days. Supp G(4)(a)(iv)(C), (4)(b)(i). That notice must state the time to file a claim and answer. Supp G(4)(a)(ii)(B).

In complying with Rule G's notice contents requirement to both the public and potential claimants, the Government's notice contained a description of Defendant Currency and the applicable deadlines to submit verified claims — specifically, any person or entity having an interest in Defendant Currency was required to file a verified claim or statement no later than 35

days after service of the complaint or within sixty days of the first date of publication of notice. (*See* Am. Notice of Forfeiture Action, Dkt. No. 22.) The published notice was posted online from April 2, 2014 to May 3, 2014, which was thirty consecutive days. (Decl. of Publication, Dkt. No. 26.)

In addition, Rule G(4)(b)(iii)(E) requires that "[n]otice to a person from whom the property was seized . . . may be sent to the last address that person gave to the agency that seized the property." Here, on April 4, 2014, the Government sent the amended notice of forfeiture action and the amended complaint to Montaldo and Longstaff to the addresses listed on the parcel, as those were the addresses furnished to the United States Postal Service. (Am. Certificate of Service, Dkt. No. 23.)

Lastly, Admir. L.R. 6-2(a) requires that the Government show that no one has filed a timely and responsive pleadings pursuant to Rule G(5). Admir. L.R. 6-2(a). As of March 25, 2015,[1] long after the period to respond had expired, no claims or answers had been filed. (Decl. of Stephanie M. Hinds ISO Am. Req. for Entry of Default, Dkt. No. 30-1 ¶ 4.)

Thus, the Government has complied with the arrest and notice procedures required to obtain a default judgment against *in rem* Defendant Currency.

## IV. CONCLUSION

In light of the foregoing, the undersigned recommends that the Government's amended motion for default judgment against Defendant $22,520 in United States Currency be GRANTED.

It is further recommended that judgment be entered for the United States against Defendant Currency, which shall be forfeited to the United States. Accordingly, all right, title and interest in said property is vested in the United States of America.

The Government is ordered to serve a copy of this report and recommendation on Derek Longstaff and Vanessa Montaldo at the addresses listed on the parcel, and file a certificate of service.

---

[1] At the hearing, the Government confirmed that Ms. Hinds erroneously dated the declaration as being signed on March 25, 2014. This error is harmless, because the ECF header correctly identifies the declaration as having been filed on March 25, 2015.

Any party may file objections to this report and recommendation with the District Judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(a); N.D. Civil L.R. 72-2.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: November 10, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge